IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GRINNELL SELECT INSURANCE COMPANY, <br><br>  Plaintiff, <br><br>  v. <br><br> LEE H. COOK, JOYCE A. COOK, WENDY PETERSON, CHRIS GIBSON, DENNIS LEEPER, and VIRGINIA LEEPER, individually and as next friends of the ESTATE OF TRAVIS LEEPER, and the ESTATE OF TRAVIS LEEPER, <br><br>  Defendants. | No.  07-3306 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on the Motion to Stay (d/e 29) filed by Defendant Estate of Travis Leeper and Defendants Dennis and Virginia Leeper, individually and as next friends of the Estate of Travis Leeper (collectively, the Leepers).  Plaintiff Grinnell Select Insurance Company (Grinnell) filed a Response to Motion to Stay (d/e 30).  For the reasons stated below, the Motion is allowed.

1

## FACTS

According to the Complaint (d/e 1), Grinnell is an insurance company that provided auto insurance to Defendants Lee and Joyce Cook. In July of 2007, the Cooks gave a car to their niece, Defendant Wendy Peterson. About a week later, Defendant Chris Gibson drove the car from Peterson's home with the decedent, Travis Leeper, as a passenger. They were involved in an accident, and Travis Leeper was killed.

The Leepers served Grinnell with a notice of attorneys' lien and a request for the policy limit on the Cooks' auto insurance policy. On November 15, 2007, Grinnell filed this case requesting a declaratory judgment that Grinnell has no obligation to defend or indemnify Gibson or Peterson from any lawsuits by the Leepers or the Estate of Travis Leeper arising from the accident. Grinnell alleges that the Cooks' insurance policy excludes from coverage individuals using the car without a reasonable belief that they are entitled to do so. In Count I, Grinnell asserts that because Gibson did not have a valid driver's license when he used Peterson's car, he was using the vehicle without a reasonable belief that he was entitled to do so. According to Grinnell, the Cooks' insurance policy also excludes from coverage individuals who are not family members of the policy holders. In

2

Count II, Grinnell alleges that because Peterson was not a resident of the Cooks' household, she did not fit the policy definition of a family member and therefore was not covered.

On March 18, 2008, Virginia Leeper sued Peterson and Gibson in Illinois state court. She brought a wrongful death claim against Gibson alleging that, at the time of the accident, he was negligently driving under the influence of alcohol and failed to maintain proper control of the vehicle or reduce speed when confronted with a specific hazard. She also alleged that Gibson's alcohol consumption and driver's license suspension demonstrate that he was an incompetent and reckless driver. Virginia Leeper charged Peterson with negligent entrustment based on allegations that Peterson allowed Gibson to drive her car when she knew or should have known that Gibson had consumed several alcoholic beverages and that his driver's license was suspended.

## ANALYSIS

The Leepers now ask this Court to stay the declaratory judgment action until the underlying suit regarding Gibson's and Peterson's liability is resolved. Grinnell maintains that a stay is unnecessary, because the issues in the two suits are separable. Because the status of Gibson's license

is a key issue in both cases, the Court finds that a stay is appropriate.

"It is well settled that a court in a declaratory judgment action may not determine whether the insured is actually liable nor may it determine any facts upon which the insured's liability is based."  State Farm Fire & Cas. Co. v. Hatherley, 621 N.E.2d 39, 41 (Ill.App. 1st Dist. 1993); West Bend Mut. Ins. Co. v. Lasercare Svs., Inc., 2002 WL 31868916 (N.D. Ill. Dec. 23, 2002).  If a court in a declaratory judgment action were to decide issues relating to liability, collateral estoppel would preclude the parties from relitigating those issues in the underlying action.  Am. Family Mut. Ins. Co. v. Savickas, 739 N.E.2d 445, 451 (Ill. 2000).  Thus, a court may only decide a declaratory judgment action before resolution of the underlying action if the issues in the two cases are separable.  Murphy v. Urso, 430 N.E.2d 1079, 1084 (Ill. 1981).

Grinnell argues that the issues here are separable.  Specifically, it asserts that "[w]hether Wendy Peterson had allowed Christopher Gibson to operate the vehicle" or "whether Christopher Gibson was operating the vehicle while intoxicated" are not issues in the declaratory judgment action before this Court.  Response to Motion to Stay, at 4.  Yet, whether Gibson was driving on a suspended driver's license is a key issue in both cases.  In

4

this action, the issue is relevant to whether Gibson had a reasonable belief that he was entitled to use the car, and in the underlying action, it is relevant to whether Gibson acted recklessly. Thus, the issues relating to Gibson's insurance coverage in the declaratory judgment action and Gibson's liability in the underlying case are not separable, and resolution of Count I of the declaratory judgment action must await resolution of the underlying case. Because Counts I and II of the declaratory judgment Complaint are so intertwined, it would frustrate judicial economy to proceed on Count II. Thus, both Counts must be stayed.

THEREFORE, the Motion to Stay (d/e 29) is ALLOWED. The parties are directed to file status reports in this Court regarding the progress of the underlying suit every six months. The first report is due April 1, 2009.

IT IS THEREFORE SO ORDERED.

ENTER: October 10, 2008

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE