IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GRINNELL SELECT INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>LEE H. COOK, JOYCE A. COOK, WENDY PETERSON, CHRIS GIBSON, DENNIS LEEPER, and VIRGINIA LEEPER, individually and as next of friends of the ESTATE OF TRAVIS LEEPER, and the ESTATE OF TRAVIS LEEPER,<br><br>  Defendants. | No. 07-3306 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Response to Motion to Lift the Court Ordered Stay and Motion to Dismiss (d/e 34) (Motion to Dismiss) filed by Defendant Estate of Travis Leeper and Defendants Dennis and Virginia Leeper, individually and as next of friends of the Estate of Travis Leeper (collectively, the Leepers). The Court previously allowed Plaintiff's Motion to Lift the Court Ordered Stay (d/e 33), but the Leepers'

1

Motion to Dismiss remains pending. For the reasons stated below, the Motion to Dismiss is allowed, and this case is dismissed without prejudice.

FACTS

According to the Complaint (d/e 1), Grinnell is an insurance company that provided auto insurance to Defendants Lee and Joyce Cook. In July of 2007, the Cooks gave a car to their niece, Defendant Wendy Peterson. About a week later, Defendant Chris Gibson drove the car from Peterson's home with the decedent, Travis Leeper, as a passenger. They were involved in an accident, and Travis Leeper was killed.

The Leepers subsequently served Grinnell with a notice of attorneys' lien and a request for the policy limit on the Cooks' auto insurance policy. On November 15, 2007, Grinnell filed this case requesting a declaratory judgment that Grinnell had no obligation to defend or indemnify Gibson or Peterson from any lawsuits by the Leepers or the Estate of Travis Leeper arising from the accident. On March 18, 2008, Virginia Leeper sued Peterson and Gibson in Illinois state court. The Leepers then asked this Court to stay the instant declaratory judgment action until the underlying suit regarding Gibson's and Peterson's liability was resolved, and the Court granted their request. Subsequently, the state court dismissed the

underlying suit without prejudice.¹ On January 22, 2009, the Court lifted the stay in this declaratory judgment action. The Leepers now argue that the dismissal of the underlying suit eliminated the matter in controversy required for a declaratory judgment action, and they ask the Court to dismiss this case.

## ANALYSIS

A federal court's jurisdiction under Article III of the Constitution "depends on the existence of a case or controversy." United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Amer., Inc., 508 U.S. 439, 446 (1993). The Leepers assert that without the underlying state action, no case or controversy exists here. Essentially, they have moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).²

---

¹None of the parties informed the Court of the basis for the dismissal of the underlying suit.

²Under this rule, the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in the plaintiff's favor. Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995). Where a defendant questions the jurisdictional allegations, the plaintiff must prove that the jurisdictional requirements have been met. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). On a Rule 12(b)(1) motion, the Court may consider evidence outside the complaint. See Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). Grinnell claims that on November 4, 2008, and November 2, 2008, the Leepers sent it letters demanding uninsured motorist coverage under the Cooks' policy for bodily injury sustained by Travis Leeper. Because Grinnell provides no evidence of these demand letters, however, the Court will not consider them in ruling on the Motion to Dismiss.

Generally, "the existence of jurisdiction is determined as of the filing of the complaint." Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 798-99 (7th Cir. 1980). On the one hand, Grinnell seeks a declaratory judgment regarding its duty to indemnify Gibson or Peterson, but even at the outset of this case, the Court lacked jurisdiction over this particular claim. Declaratory judgment claims regarding the duty to indemnify only ripen when the injured party prevails in an underlying lawsuit. Lear Corp. v. Johnson Elec. Holdings, Ltd., 353 F.3d 580, 583 (7th Cir. 2003); Nationwide Ins. Co. v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995). Because the Leepers have not prevailed in any lawsuit regarding the accident, any claim for indemnification or declaratory judgment claim regarding indemnification is not yet ripe.

On the other hand, Grinnell's claim for a declaratory judgment regarding its duty to defend Gibson or Peterson from any lawsuits by the Leepers was ripe at the outset of this case. In the Seventh Circuit, the duty to defend arises when an insured either makes a demand for payment under an insurance policy or threatens to do so. Atlanta Int'l Ins. Co. v. Atchison, Topeka and Santa Fe Railway Co., 938 F.2d 81, 84 (7th Cir. 1991); Northland Ins. Co. v. Crane, 2006 WL 305877, at *3 (N.D. Ill. Feb. 2,

2006); see also Gibraltar Ins. Co. v. Varkalis, 263 N.E.2d 823, 826 (Ill. 1970). When the Leepers served Grinnell with a request for the policy limit on the Cooks' auto insurance policy, they made a demand for payment and triggered Grinnell's duty to defend. Grinnell then was entitled to file this declaratory judgment suit seeking a ruling on its obligation to defend.

Yet, jurisdiction at the outset of a suit does not guarantee that a Court maintains jurisdiction throughout the case. "In order to satisfy Article III's jurisdictional requirements, the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 626 (7th Cir. 2007) (internal quotation marks and alterations omitted). When "the dispute between the[] parties no longer rages," the case becomes moot, and the Court loses jurisdiction. Id. A case becomes moot when a party's legally cognizable interest in the litigation ceases to exist. Evers v. Astrue, 536 F.3d 651, 662 (7th Cir. 2008). Unless the threat of injury is "both real and immediate," as opposed to "conjectural or hypothetical," the case must be dismissed as moot. St. John's United Church of Christ, 502 F.3d at 627.

The Leepers have argued that when the state court dismissed the

underlying action here, the dispute between Grinnell and the Defendants ceased to rage, and the issue of whether Grinnell ever would be called upon to defend Gibson or Peterson became conjectural or hypothetical. Essentially, they argue that this case is now moot. Grinnell counters that by dismissing the underlying action without prejudice, the state court kept this controversy alive. Technically, "Article III requires only a probabilistic injury." Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 681 (7th Cir. 1992). Yet, "this doesn't mean that any probability, however slight, of injury is enough to permit a suit to be maintained in federal court." Id. Indeed, in National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Ill. Corp., another district court in this circuit concluded that even where the dismissal of an underlying suit was without prejudice, the plaintiffs lacked a strong enough probability of future injury to establish jurisdiction. National Union Fire Ins. Co. of Pittsburgh, Pa., 113 F.R.D. 637, 640-41 (N.D. Ill. Jan. 12, 1987) ("The mere possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution."). The Court is persuaded that the dismissal of the

underlying suit here, even without prejudice, made the possibility that Grinnell may have to defend Peterson or Gibson against the Leepers too remote to maintain jurisdiction. Grinnell's claim for a declaratory judgment regarding the duty to defend is now moot.

THEREFORE, that portion of Defendants' Response to Motion to Lift the Court Ordered Stay and Motion to Dismiss (d/e 34) constituting a Motion to Dismiss is ALLOWED. All pending motions are denied as moot. This case is dismissed without prejudice.

IT IS THEREFORE SO ORDERED.

ENTER:  April 15, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE