IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GRINNELL SELECT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  07-3306 |
| LEE H. COOK, JOYCE A. COOK, DENNIS LEEPER and VIRGINIA LEEPER, individually and as next friends of the Estate of TRAVIS LEEPER, and the ESTATE OF TRAVIS LEEPER, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Motion to Dismiss Amended Complaint for Declaratory Judgment (Motion) (d/e 40), Memorandum of Law in Support thereof (d/e 41), and Supplement to Motion to Dismiss Amended Complaint for Declaratory Judgment (d/e 43). Plaintiff Grinnell Select Insurance Company (Grinnell) has filed a Response to Defendants['] Motion to Dismiss Amended Complaint for Declaratory Judgment (d/e 42). For the reasons stated below, the Motion is GRANTED.

1

## FACTS

According to the Amended Complaint (d/e 39), Defendants Lee H. Cook and Joyce A. Cook (collectively Cooks) are Illinois residents and holders of a policy of automobile insurance issued by Plaintiff Grinnell, an Iowa corporation. Grinnell issued policy number 9400014247 (Policy), which is at the heart of this lawsuit, on May 10, 2007. The Policy ran from May 10, 2007, to November 10, 2007, and covered the Cooks' 1994 Plymouth Sundance automobile.

On July 7, 2007, the Cooks gave the vehicle as a gift to their niece, Defendant Wendy Petersen. The Cooks signed over and delivered the title to Petersen, who took possession of the vehicle. On July 15, 2007, at approximately 8:45 p.m., Defendant Chris Gibson took the vehicle from Petersen's home in Marion, Illinois. Travis Leeper was a passenger in the car. The car was involved in a one-car accident, and Travis Leeper was killed. At the time of the accident, Gibson did not have a valid driver's license.

Defendants Dennis and Virginia Leeper (collectively Leepers) served Grinnell with a notice of attorneys' lien and request for the policy limits on the Policy. Grinnell then filed suit against the Defendants in this Court on

2

November 17, 2007, seeking a declaratory judgment that it had no obligation to indemnify Wendy Petersen, Chris Gibson, and the Cooks under the Policy for claims brought by Defendants Dennis and Virginia Leeper individually or as representatives of the Estate of Travis Leeper. Complaint for Declaratory Judgement (d/e 1), ¶ 20.  In Count I, Grinnell argued that, because the Policy excluded those using a car without a reasonable belief that they were entitled to do so, Gibson was not covered because he did not have a valid driver's license and could not have reasonably believed he was allowed to drive.  Grinnell asserted in Count II that Petersen was not covered by the Policy because she did not live in the same household as the Cooks, and therefore did not qualify as a "family member" who would be covered under the Policy.

On March 18, 2008, the Leepers filed a state court action in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, against Petersen for negligent entrustment and against Gibson for wrongful death.  On the Leepers' motion, this Court stayed proceedings in the federal court case pending resolution of the state court case.  Opinion of 10/10/2008 (d/e 32).

The Leepers' contacted Plaintiff on November 4, 2008, and demanded

payment of uninsured motorist and medical payment benefits under the Policy. On November 21, 2008, the Leepers voluntarily dismissed the Williamson County suit, and the Plaintiff asked this Court to lift the stay on the federal court proceedings. The Defendants objected and filed a Motion to Dismiss, arguing that there was no longer a matter in controversy. The Court granted that motion on April 15, 2009, dismissing the case without prejudice and entering judgment in favor of the Defendants. Opinion (d/e 37); Judgment (d/e 38).

On May 21, 2009, the Estate of Travis Leeper filed suit in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, against Plaintiff here, the Cooks, Gibson, and Peterson. This Williamson County lawsuit seeks declaratory relief to the effect that the plaintiff is entitled to uninsured motorist coverage, and a jury trial on whether Grinnell engaged in improper claims' practice in violation of Illinois law. Amended Complaint (d/e 39), Ex. 2. Grinnell filed a motion to dismiss in that case, which the court denied.

The Plaintiff also filed the Amended Complaint in this action, prompting the Defendants to file their Motion to Dismiss Amended Complaint for Declaratory Judgment.

4

ANALYSIS

The Defendants present three arguments for dismissal of the Plaintiff's Amended Complaint. The first is that the Court should dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Second, the Defendants argue that the Plaintiff did not effect proper service of process, and that the Court should dismiss under Federal Rule of Civil Procedure 12(b)(5). Finally, the Defendants argue that, even if the Court has personal jurisdiction over them and service of process was proper, the Court should abstain from hearing the case under the Colorado River doctrine. The Court need not address the second and third arguments, as it finds that it does not have jurisdiction over the case.

The Court dismissed this case without prejudice and entered judgment in favor of the Defendants on April 15, 2009. The case is closed, and the Court no longer has jurisdiction over it. It is true that in most circumstances a dismissal of a *complaint* without prejudice is not a final judgment because the plaintiff can re-file. Doctor's Assocs., Inc. v. Duree, 375 F.3d 618, 622 (7th Cir. 2004); Alejo v. Heller, 328 F.3d 930, 935 (7th Cir. 2003). However, dismissal of the *entire action* without prejudice operates as a final judgment. Camp v. Gregory, 67 F.3d 1286, 1289 (7th

Cir. 1995); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir. 1984).

In this case, the Court did not merely dismiss the Complaint without prejudice; it dismissed the entire case, as the Court's Opinion and Judgment in a Civil Case form make clear. Although Plaintiff has requested leave to amend the Complaint in its Response, the Court lacks jurisdiction to decide the motion, absent granting a motion for relief from a final judgment under Rule 60. See Camp 67 F.3d at 1289-90. The Plaintiff has not filed such a motion, nor has it presented any basis for relief under Rule 60 in its Response.

Accordingly, Plaintiff may either move under Rule 60 to vacate or set aside the judgment, or it may file a new lawsuit. As Defendants point out, if Plaintiff decides to file a new lawsuit, it must serve the Defendants as required under the Federal Rules. Until that time, the Court does not have jurisdiction over this matter.

THEREFORE, Defendants' Motion to Dismiss Amended Complaint for Declaratory Judgment (d/e 40) and Supplement to Motion to Dismiss Amended Complaint for Declaratory Judgment (d/e 43) are GRANTED. The Amended Complaint (d/e 39) is dismissed without prejudice. Plaintiff's

request for leave to amend the Complaint contained in the Response to Defendants['] Motion to Dismiss Amended Complaint for Declaratory Judgment (d/e 42) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: October 5, 2009

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE